UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLTON LEE CURRY,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., a/k/a WELLS FARGO HOME MORTGAGE, successor by merger to WACHOVIA BANK, a/k/a WORLD SAVINGS BANK, et al.,<br><br>  Defendants. | No. 2:14-01311 TLN CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Defendant's motion to dismiss came on regularly for hearing on July 30, 2014. Plaintiff Charlton Lee Curry appeared in propria persona. Melissa Coyle appeared via telephone for defendant. Upon review of the documents in support and opposition, including the supplemental briefing, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff filed this action on March 11, 2014 in state court; the action was removed to the District Court on May 29, 2014, on the basis of federal question jurisdiction. (ECF No. 1.) Plaintiff alleges claims arising out of a loan secured by a deed of trust on property located in Elk Grove, California. Plaintiff obtained a $308,000 loan from World Savings Bank, Defendant

1

1   Wells Fargo Bank, N.A.'s ("defendant") predecessor, which was recorded on August 15, 2006.
2   Plaintiff defaulted on the loan.  In 2008, plaintiff attempted to obtain a loan modification with
3   defendant.  The parties did not agree to a loan modification.  Subsequently, defendant recorded a
4   notice of default on July 19, 2010.  In November 9, 2010, plaintiff filed for Chapter 7 bankruptcy.
5   On March 13, 2014, defendant recorded a notice of trustee's sale.

6        The complaint alleges claims for breach of contract, unjust enrichment, breach of
7   covenant of good faith and fair dealing, claims pursuant to the Truth in Lending Act ("TILA") 15
8   U.S.C. §§ 1601 et seq., claims pursuant to California Civil Code §§ 2923.5, including declaratory
9   relief, claims for slander of title, cancellation of assignment of deed of trust, intentional
10  misrepresentation, claims pursuant to California Business and Professions Code §§ 17200 et seq.,
11  claims for alter ego liability and cancellation of a voidable contract under California Revenue and
12  Taxation Code §§ 23304.1, 23305A and violation of California Corporations Code § 191(c)(7),
13  defamation, and false light.  Pending before the court is defendant's motion to dismiss.

14       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
15  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
16  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
19  upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.
20  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
21  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
22  S. Ct. at 1949.

23       In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider
24  only allegations contained in the pleadings, exhibits attached to the complaint, and matters
25  properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d
26  895, 899 (9th Cir. 2007).  Defendant requests the Court take judicial notice of plaintiff's
27  bankruptcy petition, portions of plaintiff's schedules filed with his petition, and the discharge of
28  debtor filed in plaintiff's bankruptcy case, all of which are judicially noticeable under FRE

201(b). ECF No. 14. Defendant also requests the Court take judicial notice of certain documents recorded in the public records including a deed of trust, a notice of default and election to sell under deed of trust, and a notice of trustee sale. ECF No. 6. These documents are judicially noticeable under FRE 201(b). Finally, defendant requests the Court take judicial notice of a certificate of corporate existence issued by the Office of Thrift Supervision ("OTS"), a letter authorizing a name change from World Savings Bank to Wachovia on OTS letterhead, a charter of Wachovia signed by the Director of OTS, and an official certification of the Comptroller of Currency confirming Wachovia's conversion to a national bank. ECF No. 6. These documents are judicially noticeable as official acts or records of departments of the United States. Plaintiff does not oppose defendant's requests for judicial notice of these documents. Defendant's requests should be granted.

Defendant contends that all of plaintiff's claims should be barred by the doctrine of judicial estoppel. Judicial estoppel is an equitable doctrine which "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Casualty Company, 270 F.3d 778, 784-85 (9th Cir. 2001). The Ninth Circuit has held that, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. Id. at 783. A court will impose judicial estoppel "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy[.]" Id. at 784.

Plaintiff filed a petition for bankruptcy on November 9, 2010. In re: Charlton Lee Curry, case no. 10-49590 (Bankruptcy Court, E.D. Cal.). Plaintiff did not list his claims against defendant as assets in his bankruptcy schedules despite listing his Wells Fargo (Wachovia) mortgage as a liability. In re: Curry, ECF No. 1, Schedule B. His claims arise out of the loan origination, which occurred in 2006, the loan modification discussions, which began in 2008, and

/////

/////

/////

1  Wells Fargo's recording of the notice of default, recorded in July 19, 2010.  All of these events
2  occurred before plaintiff filed his petition for bankruptcy in November 9, 2010.[1]  As such, the
3  facts and circumstances giving rise to all of his claims occurred before plaintiff filed his petition
4  for bankruptcy and thus, plaintiff's claims should be barred under the doctrine of judicial
5  estoppel.
6       In opposition, plaintiff asserts that the elements of judicial estoppel are not satisfied
7  because listing a debt on a plan does not constitute taking a position regarding the viability of
8  claims, the Court did not accept his previous position, and the non-disclosure was inadvertent.
9  Plaintiff further contends that he misinterpreted the bankruptcy code.  None of these conclusory
10 assertions change the fact that plaintiff had knowledge of the facts and circumstances giving rise
11 to his claims against defendant before plaintiff filed his petition for bankruptcy.  Item 21 of
12 Schedule B asked plaintiff to list "[o]ther contingent and unliquidated claims of every nature,
13 including tax refunds, counterclaims of the debtor, and rights to setoff claims."  In re: Curry, ECF
14 No. 1, Schedule B.  Plaintiff did not list the claims he brought against defendant in this action.
15 Instead, plaintiff listed a 2011 Expected Federal Tax Refund and a Class Action Lawsuit.  Id.
16 Neither of these claims relate to those raised in the instant action.  Despite having knowledge of
17 the facts and circumstances giving rise to his claims, plaintiff did not list them in his bankruptcy
18 schedules.  As such, he should be judicially estopped from making those claims in this lawsuit.
19      Plaintiff's claims are barred by his bankruptcy action.  It appears amendment of the
20 complaint would be futile.  The motion to dismiss should therefore be granted.
21 /////
22

---

[1] It appears that plaintiff partially bases his California Business and Professions Code §§ 17200, *et seq.* claim on defendant's alleged failure to comply with the legal prerequisites for foreclosure proceedings.  Liberally construing the complaint, this claim would include an allegation that defendant's March 13, 2014 recording of a notice of trustee's sale on the subject property violated the California foreclosure statutes.  If plaintiff pressed such a claim, it would not be subject to judicial estoppel because the recording occurred after plaintiff's bankruptcy case.  Nonetheless, such a claim based on defendant's recording a notice of trustee's sale lacks merit because plaintiff has failed to allege any facts showing that defendant failed to comply with legal prerequisites for noticing a trustee sale on the subject property.  Accordingly, to the extent plaintiff brings this claim, it should be denied.

1    Accordingly, IT IS HEREBY ORDERED that defendant's requests for judicial notice
2 (ECF Nos. 6 and 14) are granted; and
3    IT IS HEREBY RECOMMENDED that:
4    1. Defendant's motion to dismiss (ECF No. 5) be granted; and
5    2. This action be closed.
6    These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
12 Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

10 curry.mtd